**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARLOS REYES SANTIAGO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>Defendant. | CIVIL NO. 11-1205 (SEC)<br><br><br>RE: CIVIL ACTION |

### JETBLUE'S MOTION FOR LEAVE TO FILE A SUR-REPLY AND TENDERING THE PROPOSED SUR-REPLY

**TO THE HONORABLE COURT:**

COMES NOW the defendant, JetBlue Airways Corporation ("JetBlue"), through its undersigned attorneys, and very respectfully states and prays as follows:

1. JetBlue respectfully requests that this Court grant it leave to file a Sur-Reply to Plaintiffs' *Sealed Reply to Opposition to Supplementary Motion* (**Docket No. 119**)(the "Reply"), which not only misrepresents the factual and procedural record in this case, but most importantly, presents ***new*** legal arguments that were not initially raised in their *Sealed Motion Supplementing Second Motion to Deem Liability Established* (**Docket No. 103**).

2. In fairness, JetBlue should be allowed to address these ***new*** arguments and file a Sur-Reply to show, *inter alia*, as follows:

- Plaintiffs falsely assert that JetBlue contradicts itself in claiming that the documents referenced in the *Final Safety Investigation Report* ("FSIR") were not included in the requests for production of documents.

- Plaintiffs falsely assert that JetBlue violated this Court's discovery orders by failing to produce the documents referenced in the FSIR. Likewise, Plaintiffs erroneously state that there was no need to serve new discovery requests upon receiving the FSIR because JetBlue was already under the Court's orders to provide the documents. Furthermore, Plaintiffs' wrongly posit that they were not required to make a good-faith effort to meet and confer regarding documents referenced in the FSIR in view of the Court's order at **Docket No. 48.**

- Plaintiffs falsely assert that the FSIR contradicts JetBlue's claims that "nowhere in the FSIR is there a statement or finding that smoke in the cabin of Flight 1762 was 'predictable,' or that the crew 'failed' in the execution of the emergency evacuation."

- Plaintiffs falsely assert that JetBlue contradicted itself on the issue of the 90-day document retention policy for electronic mail and deceitfully allege that JetBlue "destroyed communications" with Hamilton Sundstrand after the litigation hold was placed.

- Plaintiffs falsely assert that default judgment is justified on the sole issue of Mr. James Swamback's "sworn false testimony, and other untrue statements on the record."

- Plaintiffs cited and discussed new case law, for the first time in their Reply, in support of their request for default judgment, which should be deemed as waived. However, even if the Court were to consider this case law, Plaintiffs' request for case dispositive sanctions is without merit.

3. Sur-replies exist exactly for the situation here where the Court has granted Plaintiffs a last word and the Plaintiffs completely distort the record, the law, and raise new arguments for the first time in a reply brief, thus leaving the defendant

with no chance to respond. Respectfully, JetBlue deserves an opportunity to respond to **Docket No. 119** before the Court rules on Plaintiffs' unwarranted request for "full default judgment" or, alternatively, for liability to be deemed established against JetBlue. *See*, e.g., <u>Pike v. Caldera</u>, 188 F.R.D. 519, 537 (S.D. Ind. 1999), citing <u>United States v. Portis</u>, 542 F. 2d 414, 418 (7th Cir. 1976)(The purpose of allowing sur-replies "is for the full development of the respective cases of the litigants, and gamesmanship in getting the last word should have no part in it.").

4. Accordingly, JetBlue respectfully requests that the Court grant it leave to file a sur-reply to **Docket No. 119**, which is being tendered with this motion.

**WHEREFORE**, defendant JetBlue respectfully requests that this Honorable Court grant the instant motion and, consequently, to permit JetBlue to file a sur-reply to **Docket No. 119,** which is being tendered herewith.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of September, 2012.

**WE HEREBY CERTIFY:** That on this same date the foregoing motion was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**ADSUAR MUÑIZ GOYCO**
**SEDA & PÉREZ-OCHOA, P.S.C.**
P.O. Box 70294
San Juan, PR 00936-8284
Tel.: 787.756.9000 / Fax: 787.756.9010
E-mail: epo@amgprlaw.com
jtorrens@amgprlaw.com

By: */s/ Eric Pérez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR 206314

By: */s/ Jaime A. Torrens-Dávila*
JAIME A. TORRENS-DÁVILA
USDC-PR 223810

*Counsel for JetBlue Airways Corporation*